Justice Breyer,
dissenting.
The question presented in this case is whether “the Federal Arbitration Act . . . precludes a federal court from enforcing” an arbitration agreement that gives the court the power to set aside an arbitration award that embodies an arbitrator’s mistake about the law. Pet. for Cert. i. Like the majority and Justice Stevens, and primarily for the reasons they set forth, I believe that the Act does not preclude enforcement of such an agreement. See ante, at 590 (opinion of the Court) (The Act “is not the only way into court for parties wanting review of arbitration awards”); ante, at 595 (Stevens, J., dissenting) (The Act is a “shield meant to protect parties from hostile courts, not a sword with which to cut down parties’ 'valid, irrevocable and enforceable’ agreements to arbitrate their disputes subject to judicial review for errors of law”).
. At the same time, I see no need to send the case back for further judicial decisionmaking. The agreement here was entered into with the consent of the parties and the approval of the District Court. Aside from the Federal Arbitration Act itself, 9 U. S. C. § 1 et seq., respondent below pointed to no statute, rule, or other relevant public policy that the agreement might violate. The Court has now rejected its argument that the agreement violates the Act, and I would simply remand the case with instructions that the Court of Appeals affirm the District Court’s judgment enforcing the arbitrator’s final award.